```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
ANTONIO CAPISTRAN,

                    Plaintiff,              MEMORANDUM & ORDER

         - against -                        11-CV-2531 (KAM)(LB)


THEODORE CARBONE and J.B. HUNT
TRANSPORT, INC.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - X
```
**MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

Plaintiff filed the instant action on May 26, 2011. For the reasons set forth below, plaintiff's complaint is dismissed with prejudice for lack of subject-matter jurisdiction and for failure to prosecute.

## BACKGROUND

On May 26, 2011, plaintiff Antonio Capistran ("plaintiff") commenced this action against Theodore Carbone ("Carbone") and J.B. Hunt Transport, Inc. ("J.B. Hunt") (collectively, "defendants"), to recover for injuries plaintiff allegedly sustained when a truck operated by Carbone and owned by Carbone's employer, J.B. Hunt, "started to move while the plaintiff [who was operating a forklift] was loading stock into the aforementioned truck." (ECF No. 1, Complaint ("Compl.") ¶¶ 25, 26.) Plaintiff alleges that plaintiff's injuries from

1

the accident "were due solely and wholly as a result of the careless and negligent manner in which the defendants owned, operated and controlled theirs [sic] motor vehicle without this plaintiff in any way contributing thereto." (*Id.* ¶ 28.)

## DISCUSSION

### I. Dismissal for Lack of Subject-Matter Jurisdiction

As an initial matter, this case must be dismissed because the court lacks subject-matter jurisdiction. "A party seeking relief in the district court must at least plead facts which bring the suit within the court's subject matter jurisdiction." *Espada v. New York Bd. of Elections*, No. 07 Civ. 7622, 2007 WL 2588477, at *2 (S.D.N.Y. Sept. 4, 2007); *see* Fed. R. Civ. P. 8(a)(1) (requiring that a complaint filed in federal court contain "a short and plain statement of the grounds for the court's jurisdiction").

This court's subject-matter jurisdiction is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutory provisions, federal jurisdiction is available only when a "federal question" is presented (*see id.* at § 1331) or the parties are of diverse citizenship and the amount in controversy exceeds $75,000 (*see id.* at § 1332). As explained below, plaintiff's complaint fails to allege facts to support any basis for federal jurisdiction.

### A. No Basis for Federal Question Jurisdiction

Plaintiff's complaint does not present a basis for federal question jurisdiction because plaintiff's action arises out of a personal injury dispute governed by state law, not a claim "arising under the Constitution, laws, or treaties of the United States," as required by 28 U.S.C. § 1331.

### B. No Basis for Diversity Jurisdiction

Similarly, plaintiff's complaint does not present a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the facts do not allege that the parties are completely diverse and that the amount in controversy exceeds the statutory minimum of $75,000.

#### 1. Complete Diversity

"It is well established that for a case to come within [diversity jurisdiction grounded in 28 U.S.C. § 1332] there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990). For purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Plaintiff alleges that he is a citizen of New York, and that Carbone is a citizen of New Jersey. (Compl. ¶¶ 1, 5.) Plaintiff's complaint provides no basis for discerning the citizenship of the corporate defendant J.B. Hunt, however. The complaint does not assert the state in which J.B. Hunt is incorporated or the state in which J.B. Hunt maintains its principal place of business. Instead, the complaint merely alleges that J.B. Hunt is a "foreign business corporation" authorized to do business under the laws of New York (*see id.* ¶ 2), a "business corporation" authorized to do business under the laws of New Jersey (*see id.* ¶ 3), and a "foreign business corporation" authorized to do business under the laws of New Jersey (*see id.* ¶ 4). Such allegations are insufficient to determine the citizenship of J.B. Hunt and to establish the parties' complete diversity.

### 2. Amount in Controversy

"[T]he party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy" of at least $75,000. *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994); *see Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a

4

'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.").

Plaintiff has failed to plead *any* amount in controversy, let alone an amount in excess of the statutory minimum of $75,000. Moreover, plaintiff has failed to plead facts that would permit this court to conclude with "reasonable probability" that his claim exceeds the amount-in-controversy requirement.

Accordingly, because this court lacks both federal question jurisdiction pursuant to 28 U.S.C. § 1331, and diversity jurisdiction pursuant to 28 U.S.C. § 1332, the court dismisses the action for lack of subject-matter jurisdiction.

## II. Dismissal for Failure to Prosecute

Even if plaintiff's complaint established this court's subject-matter jurisdiction, however, the court would nonetheless dismiss this action for failure to prosecute. On March 30, 2012, having observed that more than two years had passed since plaintiff's last activity in this action, the court issued the following order:

> ORDER: The docket reflects that no activity has occurred since the complaint was filed and summons was issued on 5/26/11. The plaintiff's counsel is ordered to show cause no later than 4/2/12, why this action should not be dismissed for failure to effect service of process pursuant Fed. R. Civ. P. 4(m), and failure to prosecute pursuant to Fed. R. Civ. P. 41. PLAINTIFF IS ADVISED

5

> THAT THIS ACTION WILL BE DISMISSED IF PLAINTIFF FAILS TO COMPLY WITH THIS ORDER. Ordered by Judge Kiyo A. Matsumoto on 3/30/2012. (Matsumoto, Kiyo) (Entered: 03/30/2012)

Plaintiff did not respond to the Order to Show Cause.

## STANDARD

A district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, applicable law explicitly empowers a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *id.* at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the

6

> trial court adequately assessed the efficacy
> of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.* In weighing the five factors, the court must consider the record of the entire case as a whole. *Id.* A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissal. First, plaintiff has neither advanced his claims nor filed a stipulation of dismissal. Instead, plaintiff failed to comply with this court's order to show cause for failure to prosecute dated March 30, 2012, and has allowed plaintiff's case to lie dormant with no activity on plaintiff's part since filing his complaint on May 26, 2011. A lack of activity for over ten months and plaintiff's failure to comply with the court's March 30, 2012 order provide a sufficient basis to justify dismissal. *See e.g.*, *Antonio v. Beckford*, No. 05 Civ. 2225, 2006 WL 2819598, at *2 (S.D.N.Y. Sept. 29, 2006) (citing decisions dismissing cases for delays of three months or more); *see also* Fed. R. Civ. P. 41(b) (conferring discretion on district court to dismiss an action "[i]f the plaintiff fails to prosecute or

7

to comply with these rules or a court order"); *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, *sua sponte*, dismiss an action . . . pursuant to Fed. R. Civ. P. 41(b)."). Moreover, plaintiff has not filed returns of service of the summons and complaint, and thus the action is subject to dismissal pursuant to Federal Rule of Civil Procedure 4(m).

Second, on March 30, 2012, the court gave plaintiff notice that failure to respond to the order to show cause would lead to dismissal for failure to prosecute. (*See* Order dated 3/30/2012.) Plaintiff failed to respond. Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice a defendant. *See, e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Fourth, this dormant case has remained on the court's docket for over ten months with no indication that plaintiff will move it forward in the future. Finally, no lesser sanction than dismissal is likely to be effective in light of plaintiff's failure to respond to the court's order directing plaintiff to take action or face dismissal of his action. Indeed, plaintiff and his counsel would likely have faced sanctions for failure to comply with this court's March 30, 2012 order to show cause, had this case proceeded.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed with prejudice.  Any appeal must be filed within thirty days after judgment is entered in this case.  Fed. R. App. P. 4(a)(1)(A).  The Clerk of the Court is respectfully requested to enter judgment dismissing this action and close this case.

**SO ORDERED.**

Dated:     Brooklyn, New York
           April 13, 2012

                                    _____/s/_____
                                    **KIYO A. MATSUMOTO**
                                    United States District Judge
                                    Eastern District of New York